## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

IN RE:                                    **Chapter 13**

**IRENE C. MODEN**
                                          **Case #19-20343**

Debtor                                    **Hon. Judge: Kimberly H. Tyson**

---

**IRENE C. MODEN**

Plaintiff

                    **ADVERSARY CASE #_____**

   vs.

**Ditech FINANCIAL, LLC ( "Ditech", formally GreenTree Loan Servicing); and NewRez, LLC., et al, and US BANK NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR B Y INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL, AS INDENTURE TRUSTEE FOR HOME LOAN TRUST, HOME LOAN BACKED NOTES, SERIES 20017HI1, et al.**

Defendants.                        **JURY TRIAL DEMANDED**

---

## VERIFIED ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT

**IRENE C. MODEN** (the "Debtor"), individually, hereby complains as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding by the Plaintiff/Debtor **IRENE C. MODEN** against **Ditech FINANCIAL, LLC and NewRez, LLC., et al,** (the "Defendants"), to determine the validity of the First Lien (Promissory Note) when the six-year Statute of Limitation renders the lien extinguished and subject to release under Colorado Law. *See* **C.R.C.P. §38-39-207.**

2. Defendant Ditech has been committing **FRAUD ON THE COURT** by knowingly suing the deceased parents of Plaintiff/Debtor Irene C. Moden in a Colorado Rule 120 since 2013.

3. Additionally, debtor **MOVES** this court for a determination that the six-year Statute of Limitation renders the documents filed at the Arapahoe County Recorder's Office **(Deed of Trust),** Arapahoe District Court's Rule 120 foreclosure **(Case #2019CV30732),** and the Arapahoe Public Trustee's Office **(NED)--"Spurious" and "Patently Invalid".**

4. **Ditech** has never proved that they own the note and has a standing as a "holder", "holder in due course" and therefore the "Real Party in Interest status and Plaintiff/Debtor asks this court to deny lifting the automatic stay for defendant to proceed to foreclosure.

5. Additionally, defendant **Ditech,** assuming it had the rights of a holder in due course has lost its right to enforce the foreclosure due to the six-year Statute of Limitation triggered by an Acceleration Letter issued to **Fumiko Moden on July 28, 2013 and ending on July 27, 2019,** and Irene Moden August 29, 2013 ending August 30, 2019. **(EXHIBITS F & G).**

6. **Defendant, Fumiko Moden had been deceased, prior to the initiation of the Rule 120 foreclosure in 2013. (See Death Certificates EXHIBIT B & EXHIBIT D). (See Date of first foreclosure listing Fumiko Moden as the defendant, EXHIBIT J).**

7. **Debtor, Irene Moden informed Ditech that her parents were deceased in 2013, but Ditech persisted in seeking foreclosure against Ms. Moden parents. (See letter from Debtor Moden to Ditech informing Ditech of her parents' death. (Exhibit I & EXHIBITS B & D).**

8. **The Rule 120 foreclosure action should have been dismissed when Ditech became aware of Ms. Moden's parents being deceased, the case would have not existed.**

9. Ditech never moved to withdraw the acceleration letter of Fumiko Moden in the Rule 120 in which Ms. Moden parents could not receive notice, because they were deceased and could not respond.

10. Ditech did not move to rectify the issue to put Ms. Irene Moden as a potential defendant.

11. The caption of the Rule 120 foreclosure only listed Erick T. Moden & Fumiko Moden as defendants. (EXHIBITS J & K).

12. From July 28, 2013 to the present, the statute of limitation has expired for Ditech to correct its mistake.

13. The foreclosure had to be done within the 6 years of the acceleration letter sent to Mother, Fumiko Moden.

14. Under Colorado law, the case against Debtor's parents should have been dismissed as of the date that Ditech had knowledge of Ms. Moden's parents having passed.

15. Additionally, defendant **Ditech**, assuming it had the rights of a holder in due course has lost its right to enforce the foreclosure due to the six-year Statute of Limitation triggered by an Acceleration Letter issued to Irene C. Moden on August 29, 2013 and ending on August 30, 2019.

16. **FRAUD**, or **ATTEMPTED FRAUD** by making false statements of having a legitimate claim and submitting documents purporting the rights of a holder.

17. **US BANK N.A.** as trustee is fraudulently claiming an interest in the property to which, it appears, the Trust has no legitimate claim as a real party in interest because it is not a holder in due course. *Goodwin vs District Court*, 79 P. 2d 837 (1989) holding that:

The district court's failure to allow the Goodwin's to present the "real party in interest" defense deprived the Goodwin's of their right to challenge the legal entitlement of the moving parties to any order of sale under the deed of trust. While we recognize that the Goodwin's could have filed an independent action to enjoin the public sale, C.R.C.P. 120(d), the availability of a collateral remedy should not serve to divest the Goodwin's of their opportunity to defend against the deprivation of their real property interest by showing that the parties seeking the order of sale were without authority to exercise the power of sale on which any order of sale necessarily would be predicated. We thus conclude that the scope of inquiry in a Rule 120 proceeding encompasses an inquiry

into whether the moving parties are the real parties in interest by virtue of their right to enforce the power of sale contained in the instrument on which the Rule 120 proceeding is based, and that the district court erred in refusing to consider the "real party in interest" defense raised by the Goodwin's.

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, and is related to the Chapter 13 case, *In re: IRENE C. MODEN*, pending in the United States Bankruptcy Court for the District of Colorado, as **Case #19-20343.**

19. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

20. Venue is proper is this District pursuant to 28 U.S.C. § 1409(a).

21. This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PARTIES AND RELATED ENTITIES

22. On December 3, 2019, Plaintiff/Debtor filed a petition under 11 U.S.C. §§ 1301 to 1308; and, §§ 1321 to 1330 inclusive, of the United States Bankruptcy Code, thereby commencing a Chapter 13 voluntary bankruptcy.

23. The Plaintiff/Debtor brings this adversary action against Ditech Financial LLC. ("Ditech") **and its successor in interest NewRez LLC.**

24. **US Bank as Trustee has offices located at** 1601 Washington Ave Miami Beach, FL 33139

25. The Plaintiff/Debtor is a Colorado resident seeking Chapter 13 relief.

26. Plaintiff/Debtor is a resident of Aurora, Colorado, County of Arapahoe.

27. **Defendant Ditech is a financial servicer servicing a mortgage lender** whose principal office is located at 1100 Virginia Drive, Suite #100A, Fort Washington, PA 19034, United States and the principal office mailing are -ATTN Legal - 1100 Virginia Drive, Suite 100A, Fort Washington, PA 19034, United States and its successor in interest **NewRez, LLC.**, whose Corporate Offices located at 1100 Virginia Dr., Suite #125, Ft. Washington, PA

19034-3276,  http://www.newrez.com,  Phone #(484) 594-1000.

28. **Douglas B. Kiel**, Chapter 13 Trustee, 7100 E. Belleview Ave.,  Suite #300, Greenwood Village, Colorado 80111.

29. US Bank is the alleged secured Debtor with a claim filed on January 8, 2020 is fraudulently representing its interest as a secured interest,  but has not proven that it has a legitimate claim as a holder in due course. (See Debtor's objection to US BANK'S "PROOF OF CLAIM" **(Claim #5-1. Attached as EXHIBIT S).**

30. US BANK as Trustee must show that it's advancing the claim of the Trust as a holder in due course. (*See Deutsche Bank vs Samora*, 13 COA 81 (2013)

31. PHH Financial LLC.,  is US BANK'S servicer and has noted that the note is in the hands of a lone investor suggesting that the investor is the real party in interest,  but is not identified in the "PROOF OF CLAIM".

32. US BANK as Trustee represents  ALL of  the investors and not one investor. (See US BANKS "PROOF OF CLAIM" p. 5,  Claim #5-1,  where PHH refers to a single investor who holds the note.

33. Moreover, Second Trust Deeds are not normally put into mortgage pools which would be subordinate to a First deed of Trust because of the high of loss in a foreclosure.

## RELEVANT BACKGROUND FACTS

34. **Deed of Trust with a power of sale on 1249 Racine St., Aurora Colorado 80011. (EXHIBIT A).**

35. **On December 11, 2002,  FATHER,  ERICK T. MODEN died. (Death Certificate, EXHIBIT B).**

36. **FUMIKO MODEN quit-claimed all interest of the property located 1249 RACINE ST.,  AURORA, COLORADO 80011 to herself and daughter on December 5, 2006. (EXHIBIT C).**

37. **MOTHER, FUMIKO MODEN died on August 20,  2012. (Death Certificate, EXHIBIT D).**

38. **On April 24, 2013, IRENE MODEN quit-claimed the subject property to herself as**

VERIFIED ADVERSARY COMPLAINT

5

sole owner after her mother's death. (EXHIBIT E).

39. On June 26, 2013, MOTHER, FUMIKO MODEN was sent an Acceleration Letter after her death. (EXHIBIT F).

40. IRENE MODEN received an Acceleration Letter dated August 29, 2013 but was never named a defendant in any foreclosure notice. (EXHIBIT G).

41. On November 20, 2013, Aronowitz & Mecklenburg, LLP stating:

    "Our office represents GreenTree Servicing LLC, who is the current holder of the loan that was originated by Mortgage Electronic Registration Systems, Inc., acting solely as nominee for COUNTRYWIDE HOME LOANS, INC."

42. On November 20, 2013, Plaintiff GreenTree, by way of their attorneys Aronowitz & Mecklenburg, received notification from IRENE C. MODEN that Defendants ERICK T. MODEN & FUMIKO MODEN were deceased. (EXHIBIT H).

43. On November 29, 2013, IRENE MODEN sent letter to GreenTree attorneys, again providing death certificates and other paperwork showing Irene Moden as heir. (EXHIBIT I).

44. In October 2013, GreenTree filed the first Rule 120 (Case # 2013CV31715) over the subject property located at 1249 Racine St., Aurora, Colorado 80011 and listing parents ERICK T. MODEN & FUMIKO MODEN the deceased defendants in the Rule 120. (EXHIBIT J).

45. On February 2019, GreenTree/Ditech filed their 2nd Rule 120 (Case #2019CV30732), again, listing as defendants ERICK T. MODEN & FUMIKO MODEN, knowing that defendants were deceased. (EXHIBIT K).

46. On June 26, 2019, GreenTree/Ditech's six-year Statute of Limitation had passed from FUMIKO MODEN'S Acceleration Letter. (EXHIBIT F).

47. On August 30, 2019, the six-year Statute of Limitation had expired for GreenTree/Ditech to include IRENE MODEN as a substitute defendant. (See date of Acceleration Letter, EXHIBIT G).

48. On November 12, 2019, Debtor/Defendant IRENE C. MODEN filed an Intervenor Motion to Dismiss based on the Statute of Limitation.

49. **On November 12, 2019**, Petitioner filed a motion for an Order to Show Cause **(Case #2019CV297)** why the documents filed at the County Recorder's Office **(Deed of Trust)**, the Arapahoe District Court **(Ditech's** Rule 120 complaint, Promissory Note (First Lien), documents filed in the Public Trustee's Office, **(NED)** and **Statement of Qualified Holder** should not be considered "Spurious" and therefore "Patently Invalid" due to the six-year Statute of Limitation triggered by an Acceleration Letter rendering the lien ("Promissory Note") extinguished subject to release. C.R.C.P. **§38-39-207** which state:

> The lien created by any instrument shall be extinguished, regardless of any other provision in this article to the contrary, at the same time that the right to commence a suit to enforce payment of the indebtedness or performance of the obligation secured by the lien is barred by any statute of limitation of this state.

50. **On November 25, 2019**, Petitioner filed an **AMENDED** motion for an Order to Show Cause **(Case #2019CV297)**.

51. **On November 22, 2019**, a hearing was held in the Rule 120, but Judge Elisabeth Volz refused to entertain Intervenor's Motion to Dismiss **Ditech's** claim based on the Statute of Limitation Defense and ordered Intervenor Irene C. Moden to file an objection to the Promissory Note (by November 29, 2019) that opposing party did not submit to the court when asked by the judge to do so.

52. On December 2, 2019 the Court summarily denied Intervenor Irene C. Moden's objection to the Promissory Note which included the Statute of Limitation Defense without comment and issued an Order Authorizing Sale. **(EXHIBIT L)**.

53. This time the Order of Sale contained **"et al"** after Ms. Moden's parents names apparently to cure **Ditech's** failure to properly list Intervenor Irene C. Moden as a defendant in the Rule 120 foreclosure **(EXHIBIT L)**, and more than 3 months after the six-year statute of limitation expired on August 30, 2019 from the acceleration letter dated August 29, 2013. **(EXHIBIT G)**.

54. For **Ditech** to amend the Rule 120 complaint after the six-year Statute of Limitation had expired under C.R.C.P. 15(c) (Relation Back), **Ditech** must claim that it was not aware that Intervenor Irene C. Moden was a potential defendant and that it was a simple "mistake".

55. **Ditech** cannot claim that it was unaware since Intervenor Irene C. Moden notified Ditech of

VERIFIED ADVERSARY COMPLAINT

7

her parents' demise and included the death certificates. **(EXHIBITS B & D).**

56. **On December 2, 2019**, the Honorable Judge Elizabeth Beebe Volz ordered the Order to Show Cause **(Case #2019CV297)** to be consolidated with the Rule 120 foreclosure **(Case #2019CV30732). (EXHIBIT M).**

57. **On December 3, 2019, Intervenor filed a Chapter 13 in United States Bankruptcy Court in Denver, Colorado.**

58. **On December 10, 2019**, Intervenor Irene C. Moden filed a Motion for Judge Volz to recuse herself from any further proceedings and to refer all matter pertaining to the two actions to another judge for determination post Chapter 13 bankruptcy was completed. **(EXHIBIT N).** The court made no further ruling regarding Ditech's right to foreclose until Debtor **IRENE C. MODEN** filed a Chapter 13 Bankruptcy.

60. Debtor is not aware of any proof of claim filed by **"Ditech"** or **NewRez, LLC** in this Chapter 13 proceedings.

61. The Proof of claim by US Bank is a fraudulent attempt to resurrect a claim already expunged by the Bankruptcy court and by operation of law.

## CLAIM I—DITECH KNOWINGLY PURSUING DEFENDANTS THAT WERE DECEASED IN A RULE 120 FORECLOSURE IS "FRAUD ON THE COURT" WHICH CANNOT HAVE PERSONAL JURISDICTION OF THE DECEASED DEFENDANTS

62. Plaintiff/Debtor incorporates by reference all the preceding paragraphs as if incorporated herein, and therefore alleges the following.

63. Neither Rule 120 courts **(EXHIBITS J & K respectively)** ever had personal jurisdiction over deceased Defendants **Erick T. Moden** and **Fumiko Moden. (EXHIBITS B & D).** A court cannot exercise personal jurisdiction over deceased persons. The exercise of personal jurisdiction over a defendant is proper "if fair and adequate notice is provided to the defendant, and if the defendant has sufficient minimum contacts with the state seeking jurisdiction." *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1113 (Colo. 1991) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

64. Fair and adequate notice cannot be given to a deceased defendant. As a result, the Rule 120

courts lacked personal jurisdiction over named defendants in this case.

65. **C.R.C.P. 25 (a) (1)** to amend the complaint in the Rule 120 foreclosure to include a Substitute defendant is inapplicable because defendants were deceased before initiation of the rule 120.

66. Plaintiff **GreenTree/Ditech** cannot dispute that Defendants **Erick T. Moden** and his wife **Fumiko Moden** died before **GreenTree/Ditech** initiated foreclosure proceedings under Rule 120. *See* Death Certificates of defendants, **(EXHIBITS B & D)**; *See* dates of Rule 120 listing **Erick T. Moden & Fumiko Moden** as defendants *(See* **EXHIBITS J & K)**. *See* date of letter to **GreenTree** from daughter **Irene Moden** notifying GreenTree of the death of her parents **Erick T. Moden** and **Fumiko Moden. (EXHIBITS H & I).**

67. **In August 2015, GreenTree Loan Servicing** and **Ditech Mortgage Corp** merged and renamed itself **Ditech (EXHIBIT O)**, but **GreenTree/Ditech** never moved to substitute **Ms. Irene Moden** within 90 days of being notified by Irene Moden that her parents were deceased which is only available if the deceased parents had died during the foreclosure.

68. **C.R.C.P. 25(a)(1)**, provides:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process, and may be served in any county. Suggestion of death upon the record is made by service of a statement of the fact of death as provided herein for the service of the motion and by filing of proof thereof. If the motion for substitution is not made within ninety days after such service, the action shall be dismissed as to the deceased party."

69. **GreenTree/Ditech** never dismissed the case as to the deceased parents as required by C.R.C.P. 25 (a) (1).

70. **C.R.C.P. 15 (c) ---RELATION BACK,** where the named defendants were deceased, is inapplicable when **Ditech** as Plaintiff in the Rule 120 foreclosure knew of Plaintiff Irene C. Moden as a potential new defendant, and the **Ditech** did not substitute Plaintiff Irene C. Moden within the six-year Statute of Limitation.

71. **On August 29, 2013,** Plaintiff Irene Moden was sent an Acceleration Letter from

GreenTree Loan Servicing (renamed "**Ditech**").

72. As in the Rule 120, Ditech never bothered to substitute **Ms. Irene Moden**, daughter of **Erick T. Moden** and **Fumiko Moden** as a defendant in place of her deceased parents within the six-year Statute of Limitation even though **Ditech** was aware that Plaintiff Irene C. Moden was a potential defendant by her Acceleration Letter **(EXHIBIT G)** and quit-claim deed showing that she was the sole heir to the house. **(EXHIBIT E)**.

73. Since GreenTree/Ditech did not bring a foreclosure against Irene Moden within the six-year Statute of Limitation, section 38-39-207, 10 C.R.S. (2002), extinguishes the lien of the deed of trust if an action to enforce the promissory note is not brought within six years of default.

## CLAIM II—Six-Year STATUTE OF LIMITATION IS APPLICABLE TO Ditech IN THE RULE 120 FORECLOSURE

74. Plaintiff incorporates by reference all the preceding paragraphs as if incorporated herein, and therefore, alleges the following:

75. Statutes of Limitations are laws that require a cause of action to be brought within a certain amount of time after it accrues otherwise the action can no longer be brought. Put in other words, if a lawsuit asserting relief for an underlying action is not brought within the Statute of Limitations time period, the plaintiff will be barred from bringing the lawsuit indefinitely.

76. Under Colorado law, the time frames for bringing a civil claim are governed by C.R.S. § 13-80-101, et seq, and are specific to particular types of causes – that is, different types of claims have different Statute of Limitations periods. Importantly, Statutes of Limitations are an affirmative defense, meaning that it must be asserted by the party against whom the claim is asserted. If the party being sued doesn't assert that a claim is barred by an applicable Statute of Limitations, the lawsuit can continue even if it would have been barred.

77. **CRS 13-80-103.5. General Limitation of Actions – Six-Years**

(1) The following actions shall be commenced within six-years after the cause of action accrues and not thereafter:

(a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and all actions of replevin to recover the possession of personal property encumbered under any instrument securing any debt; except that actions to recover pursuant to section 38-35-124.5 (3), C.R.S., shall be commenced within one year;

78. Lawsuits brought to recover debt or money owed, Colorado courts have interpreted the date that "performance becomes due" to run from the date that the creditor takes some clear, unequivocal act evidencing their intention to accelerate the entire debt. This can include sending a letter noticing acceleration of the entire debt.

79. Intervenor Irene C. Moden received an Acceleration Letter on August 29, 2013 triggering the six-year Statute of Limitation which expired on August 30, 2019.

80. Plaintiff was not listed as a defendant in the foreclosure proceedings **(Case # 2019CV30732 or Case #2013CV31715)**, only her deceased parents. See case caption where the only defendant in the foreclosure action were Intervenor's deceased parents Erick T. Moden & Fumiko Moden. **(EXHIBITS B & D respectively).**

81. The six-year Statute of Limitation upon expiration extinguishes the lien by operation of law and renders the lien subject to release. **CRS. §38-39-207.**

82. The Statute of Limitation also renders all documents at the Recorder's Office, District Court and Public Trustee's Office pertaining to enforcement of a promissory deed "Spurious" and "Patently Invalid" under **SECTION 38-35-201**, C.R.S. 2012 which states:

   (2) **"Spurious document"** means any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise **patently invalid**. (Emphasis added).

## CLAIM III- GREENTREE/Ditech LACKS STANDING TO FORECLOSE AS THE REAL PARTY IN INTEREST/HOLDER IN DUE COURSE

83. Plaintiff/Debtor incorporates by reference all the preceding paragraphs as if incorporated herein, and therefore alleges the following:

84. **In August 2015** GreenTree merged with Ditech Mortgage and renamed itself "Ditech". But GreenTree was never the owner of the promissory note in this case.

85. **In a letter (EXHIBIT P) dated May 16, 2013**, GreenTree stated:

    "The servicing of the referenced account was transferred from Bank of America N. A. to GreenTree on April 1, 2013. The servicing transfer does not affect the account terms and conditions, other than those related to the servicing of the account. We make this response, in part, based upon Bank of America, N.A. records."

    **GreenTree did not originate nor owns the account; it merely services it for a third party.** Accordingly, GreenTree has no liability regarding the origination of the account and can only provide servicing information from April 1, forward. You will need to contact Bank of America for information needed prior to that date.

86. The fact GreenTree merged with Ditech Mortgage does not mean that Ditech is the new owner of the note with a right to foreclose. GreenTree renamed as **"Ditech"** remains solely as a servicer of the loan and not as a **holder in due course**. The captions in the Rule 120 proceedings only have **Ditech**, and no third party like Bank of America is listed as the Real Party in Interest as required by **C.R.C.P, 17 (a) Parties Plaintiff and Defendant; Capacity states:**

    Real Party in Interest. **Every action shall be prosecuted in the name of the real party in interest**; but an executor, administrator, guardian, conservator, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute so provides, an action for the use or benefit of another shall be brought in the name of the people of the state of Colorado.(**Emphasis added**)

87. **On November 15, 2019**, Plaintiff/Debtor received Notice of Servicing Transfer **(EXHIBIT Q)** dated November 15, 2019. It stated:

    "The servicing of your mortgage account is being transferred, effective with your payment due 12/1/2019. This means that after this date, a new servicer will have the right to collect you mortgage account payments. if your new service will accept payments prior to this date, it will be noted below. Nothing else about your mortgage account will change".

Case:20-01085-KHT Doc#:1 Filed:03/19/20 Entered:03/19/20 15:26:58 Page12 of 25

**88.** At the bottom of the notice Ditech acknowledged that it was the **CURRENT SERVICER** of the promissory note and listing its address at: Ditech, Customer Service 1899-643-0202 and the **NEW SERVICER** was **NewRez, LLC**., CUSTOMER SERVICE 1866-636-1621, P.O. BOX 10826, GREENVILLE SC 29603-0826. the address conspicuously absent with the reference that it was the owner of the note. In neither case did they claim to be the Real Party in Interest as required under C.R.C.P. 17a) which requires that every action shall be in the name of the Real Party in Interest.

**89.** *Goodwin v. District Court*, 779 P.2d 837 (Colo. 1989) states in part "Rule 120(a) authorizes "**any interested person**"…to file a motion for an order of sale…" But, Rule 17a states, "Every action shall be prosecuted in the name of the real party in interest" with a few enumerated exceptions which **Ditech** is not one of them if it is only an "interested party" as a servicer, nor is NewRez LLC., as a servicer.

**90.** GreenTree/Ditech knowingly filed suit against two deceased individuals rather than listing Irene Moden who was the only one alive left with a legitimate interest. **GreenTree/Ditech** allowed the Statute of Limitation to run out.

**91.** **On November 10, 2016**, the Colorado's Supreme Court held a public hearing to consider changes to courtroom rules that would ensure consumers can better challenge a foreclosure before their homes can be taken.

**92.** **On March 1, 2018** the Colorado Supreme Court adopted new rules for the Rule 120 which included the following relevant provisions:

    **a. THE MOTION FOR ORDER IS TO BE SIGNED BY A PERSON WITH KNOWLEDGE "WHO IS COMPETENT TO TESTIFY", I.E., SOMEONE OTHER THAN LENDER'S COUNSEL.**

    **b. THE MOTION AND SUBSEQUENT NOTICES SHALL INCLUDE THOSE PERSONS WHOSE INTEREST MAY BE TERMINATED BY FORECLOSURE.**

    **c. A response to the motion is more streamlined. It need not be verified but must describe facts relied upon in opposing the motion for sale and may include copies of documents supporting the position. In other words, more like an answer less like a summary judgment response.**

d. Only after the court reviews the response and only if the response states grounds for objecting that are within the scope of Rule 120(d) is a hearing set, with best efforts by the clerk to clear dates with parties (who should supply their phone and email contacts, if any).

e. The scope of the hearing may include: a default authorizing exercise of a power of sale; the requirements of the Servicemembers Civil Relief Act; whether the moving party is the real party in interest; and whether the status of any request for a loan modification agreement bars a foreclosure sale as a matter of law.

f. For good cause shown, a district court may continue a hearing.

g. If no response is filed, the response deadline is deemed to be date of hearing for the purposes of complying with our statutes and the SCRA.

The effect of these changes is to reinstate *Goodwin v. District Court*, 779 P.2d 837 (Colo. 1989) as good law.

In *Goodwin v. District Court*, 779 P.2d 837, 843 (Colo. 1989)Supreme Court of Colorado EN BANC said:

Rule 120(a) authorizes "any interested person" to file a motion for an order of sale, and Rule 120(c) permits the debtor to dispute the moving party's entitlement to the order. Implicit in Rule 120 is the requirement that the party seeking an order of sale have a valid interest in the property, allegedly subject to the power of sale. Unless the "real party in interest" defense is considered at a Rule 120 hearing, any order for sale might well result in the sale of property in favor of a party who has no legitimate claim to the property at all. Once a debtor in a Rule 120 proceeding raises the "real party in interest" defense, therefore, the burden should devolve upon the party seeking the order of sale, to show that he or she is indeed the real party in interest.

Thus, after being mothballed by the fraudulent actions of Castle and company and Arron… & Mechl.. and their coconspirators by creating an unconstitutional Rule 120, *Goodwin* is again good law.

93. Despite the above rules promulgated by the Supreme Court of Colorado, the district courts continue have not fully integrates these changes and continue to follow the antiquated set of rules in the Rule 120.

94. The courts seem not to have caught up with these changes and continue to allow the

**Statement of Qualified Holder** to be attested by the attorney of the creditor. **(EXHIBIT R)** in violation of **Goodwin** and statute.

95. In this case, Intervenor Irene C. Moden was never noticed that her interest could be terminated by this foreclosure, as required by the Rule changes of the Supreme Court of Colorado, March 1, 2018. **(See ¶92).**

96. Additionally, the district courts have yet to adhere to **Goodwin v. District Court** cited above. Once the debtor disputes the creditor's entitlement to foreclose under rule 120 (c) "the burden of proof devolves on the party seeking the Order of Sale to show that he or she is the real party in interest.

97. Intervenor Irene C. Moden did raise the real party in interest defense but the burden of proof never "devolved" on Ditech to show that it had a legitimate claim. **(See Intervenor's Objection attached as EXHIBIT L).**

98. Judge Elizabeth Volz placed the burden of proof that the promissory note was not the original promissory on Intervenor Irene C. Moden when under **Goodwin, Id.** the burden moves to Ditech.

99. Moreover, whether the promissory note was the original or a fake is irrelevant to determine the standing of Ditech according to the Colorado Supreme Court in **Myrick vs Garcia**[1] (Holding that if rebutted, submission of the note was **prima facie** evidence of *holder in due course*, and "**ownership**" must be proved at trial.)

100. Ditech's right to enforce even if it had a legitimate claim on the note has passed because the First Lien is extinguished under the Statute of Limitation.

101. Since 2013 and under "color of state law" (the Rule 120), **Ditech** has been knowingly and willfully pursuing foreclosure against Plaintiff's deceased parents who had been deceased prior to initiation of the foreclosures and who had no capacity to respond.

102. **Ditech** willfully and knowingly omitted Plaintiff Irene C. Moden as a party with a significant interest as the titled owner. **(EXHIBIT E).**

103. Defendant **Ditech** instituted two Rule 120 foreclosures between 2013 and 2019 **(Case #**

---

[1] 332 P2d 900,903 **(1958)**

**2013CV31715 & Case #2019CV30732 respectively**). Listing Plaintiff's deceased parents, **ERICK T. MODEN & FUMIKO MODEN** as debtor defendants.

104. Ditech and NewRez, LLC., are solely servicers.

105. C.R.C.P. 120(a) states: Any interested person may file for an Order Authorizing Sale...

106. **On March 1, 2018** the Colorado Supreme Court adopted new rules for the Rule 120 which included the following relevant provisions:

   a. **THE MOTION FOR ORDER IS TO BE SIGNED BY A PERSON WITH KNOWLEDGE "WHO IS COMPETENT TO TESTIFY", I.E., SOMEONE OTHER THAN LENDER'S COUNSEL.**

107. The 2019 **Statement of Qualified Holder** submitted by **Ditech's** attorney is signed by **Joseph D. Digeorgio, Esq.**, and not in compliance with the Colorado Supreme Court rules for the Rule 120 which requires that the Statement by signed by a person with knowledge **"who is competent to testify, i.e., someone other than the lender's counsel**" (*See* ¶94 above).

108. The Court determines by a **conclusive presumption** a Plaintiff's Rule 120 "**standing**" to foreclose by **a Statement of Qualified Holder** attesting (not under penalty of perjury) that Ditech is the **Qualified Holder of the evidence of debt** and "**Holder of the current beneficial interest of the Deed of Trust**" and, therefore a Real Party in Interest and a "holder in due course" notwithstanding that Plaintiff disputed Ditech's standing under Rule 120 (c) requiring the burden of proof to be shifted to the party seeking the order of sale. **(EXHIBIT O).**

109. The **Statement of Qualified Holder** acts as a conclusive presumption and effectively moots a homeowner's right to dispute a creditor's right to foreclose under Rule 120 (c).

110. The 2019 **Statement of Qualified Holder** made by **Ditech's** attorney in violation of the Colorado Supreme Court new rules dated March 1, 2018 required that Statement by signed by a person with knowledge **"who is competent to testify, i.e., someone other than the lender's counsel"** states in relevant part:

   1) **Qualified Holder** is the holder of the evidence of debt. A true and correct copy of the evidence of debt, except for redaction of any non-public information and

personal identifying information required by applicable federal or state law is attached hereto.

The attached copy of the evidence of debt may not include post-execution endorsements as contemplated by 38-38-101 (2) C.R.S.

2) **Qualified Holder is the current beneficiary of the Deed of Trust**. A true and correct copy of the recorded Deed of Trust, except for redaction of any non-public information and personal identifying information required by applicable federal or state law is attached hereto.

111. Neither assertions by Ditech's attorney is substantiated by the facts.

112. In a letter dated May 16, 2013, Green Tree Loan Servicing acknowledged that "GreenTree did not originate nor owns the account; **it merely services it for a third party**". (Emphasis added) (*See* ¶85 and EXHIBIT P).

113. In August 2015, **Green Tree Loan Servicing** and **Ditech Mortgage Corp** merged and renamed itself "**Ditech**" (EXHIBIT O).

114. On November 19, 2019, Plaintiff received Notice of Servicing Transfer  (EXHIBIT Q) dated November 15,  2019 stating that "servicing of your mortgage account is being transferred"...and the bottom of the notice **Ditech** acknowledged that it was the **CURRENT SERVICER** of the promissory note and listing its address at: **Ditech**... and the **NEW SERVICER** was **NewRez, LLC.**, and no reference that it was the owner of the note. Neither entities claimed to be the Real Parties in Interest of the Deed of Trust as required under C.R.C.P. 17a) which requires that "[E]very action must be prosecuted in the name of the Real Party in Interest".

115. Under Colorado case law, even if a creditor proffers an alleged promissory note as an original, it is only *prima facie evidence* of holder in due course and (ownership) must be proved at trial.

116. C.R.C.P. 17 (a) states: (1) *Designation in General*. An action *must* be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

(A)  an executor;
(B)  an administrator;

(C) a guardian;

(D) a bailee;

(E) a trustee of an express trust;

(F) a party with whom or in whose name a contract has been made for another's benefit; and

(G) a party authorized by statute.

117. "**Ditech**" isn't even an interested party having no legitimate claim to the property as would bankruptcy trustees. (*See* letter of Green Tree renamed "**Ditech**" admitting that it was a servicer of a third party which no longer exists, otherwise it would be naming that third party as the real party in interest and not "**Ditech**" as the **Statement of Qualified Holder** requires. **(EXHIBIT R).**

118. The claims against US Bank flow from the same analysis. There is no one in the US Bank chain of title who can personally attest to the note having been properly transferred. Thus, US Bank's interest is a nullity.

## CLAIM V--FRAUD, OR ATTEMPTED FRAUD

Plaintiff incorporates by reference all the preceding paragraphs as if incorporated herein, and therefore, alleges the following:

119. Defendant **Ditech** has made fraudulent statements of fact and submitted fraudulent documents in order to have the court and any interested parties, such as plaintiff to rely on those statements and documents in order to unjustly enrich **Ditech** who is not even an interested party because to be an interested party as a servicer, Ditech must be an agent of a holder in due course. Such evidence as the **Statement of Qualified Holder** attesting that it is the beneficiary i.e. holder in due course. **(EXHIBIT R)**, The Notice of Transfer of the **Ditech's** servicing rights to **NewRez LLC.,** and not concurrently the rights of an owner, and the acknowledgement by **Green Tree** that it is a servicer for a third party and does not own the note. **(EXHIBIT P).**

120. US Bank's rights fail for the same rational.

121. Plaintiff assert that every caption of the Rule 120 complaints list **Ditech** solely as the party seeking foreclosure. **(See Case #2013CV31715 & Case #2019CV30732, EXHIBITS J & K respectively).**

## CLAIM VI-- INTENTIONALLY INFLICTION OF EMOTIONAL DISTRESS

122. Plaintiff incorporates by reference all the preceding paragraphs as if incorporated herein, and therefore alleges the following:

123. The elements of intentional infliction of emotional distress in Colorado (otherwise known as outrageous conduct) are: 1) the defendant engaged in extreme and outrageous conduct: 2) the defendant engaged in such conduct *recklessly* or with the intent of causing the plaintiff severe emotional distress; and 3) defendant's conduct caused plaintiff to suffer severe physical and severe emotional distress. *Culpepper v. Pearl Street Building, Inc.*, 877 P.2d 877, 882 (Colo. 1994) **(emphasis added).**

124. For years Plaintiff **Ditech** has committed **outrageous conduct** by recklessly parading Plaintiff's beloved parents as if Plaintiff's parents were **"dead beat"** debtors when in fact **Ditech** knew they were deceased prior to the initiation of the Rule 120 foreclosures and had no capacity to respond and therefore no due process opportunity to be heard. (See 2013 letter by Plaintiff to Green Tree (renamed **Ditech** in 2015) **(EXHIBIT H)** attesting that Plaintiff's parents were deceased and submitting death certificates. **(EXHIBITS B & C respectively).**

125. As officers of the Court, **Ditech's** attorney had a duty to inform the Court that defendants were deceased and dismiss the case and reframe the foreclosure against the estate or against a personal representative.

126. Defendant **Ditech** chose not to inform the court that defendants were deceased, more than likely to quickly foreclose to hide the fact that they did not have a legitimate claim.

127. **Ditech's** conduct was reckless and with the intent to defame Plaintiff's parents and for plaintiff to suffer severe emotional distress.

128. **Ditech** could not let Plaintiff's parents rest in peace, relentlessly pursuing Plaintiff's parents personally through the foreclosure process and knowingly inflicting severe emotional distress on Plaintiff Irene C. Moden.

129. Plaintiff has been under the care of a medical providers for stress and depression since this nightmare foreclosure was initiated in 2013 by **Ditech**, formerly Green Tree Loan Servicing.

130. Due to the stress, Plaintiff has become diabetic, has experienced high blood pressure requiring continuing medication, has insomnia, depression, anxiety and other medical issues and cannot get required surgeries due to situation with home.

131. Defendant **Ditech's** harmed Plaintiff because those actions caused her to suffer mental anguish, and emotional distress. The actions of Defendant Ditech injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

132. The conduct of Defendant **Ditech** proximately caused Plaintiff to suffer, and to continue to suffer damages, including injuries to her person in an amount which will be proven at trial.

132. The malicious and/or oppressive conduct was in **reckless disregard** of Plaintiff's rights and therefore, warrants the imposition of punitive damages.

**WHEREFORE,** the Plaintiff **IRENE C. MODEN** respectfully **MOVES** this court and request(s) that pursuant to 11 U.S.C. § 502(d) that the **Court determine by declaratory judgment the following:**

a. Pursuant to **FED. R. BANKR. P. 7001(2)**. Debtors seek a determination of the validity after the six-year statute of limitation has extinguished the First Lien (Promissory note) by operation of law. **C.R.S. §38-39-207**.

b. Pursuant to **15 U.S.C. § 1692**, *et seq.* and **18 U.S.C. § 1962(a), (b), (c), and (d)**, Debtor seeks a determination Ditech perpetrated fraud over a period of years which would result in theft, debt harassment and slander of title.

c. Debtors seek a permanent injunction and declaratory judgment against **Ditech** declaring its interest to be fraudulent in nature and its fraudulent acts to be unlawful in commerce.

d. Disallow any claims that Defendants **Ditech** or NewRez, LLC., et al., have against the Debtor pursuant to § 502(d) of the Bankruptcy Code; and

e. Apply the six-year Statute of Limitation as evidenced by Plaintiff' Moden's Acceleration Letter of August 29, 2019 **(EXHIBIT G)**, and from **CRS 13-80-103.5** (a) which states:

   All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt).

f. **Apply CRS 38-39-207 (Extinguishment of Lien)** for the enforcement of a promissory note under Colorado Law.

g. Require that **Ditech** and **NewRez, LLC.,** prove that they _ever_ had rights as holders in due course in order to foreclose as the real parties in interest.

h. That, whether the submission of the promissory note was the original or not was only _**prima facie evidence of holder in due course**_ under _**Myrick Id**_. and proof of holder in due course was the burden of Ditech and now **NewRez, LLC.** under _**Goodwin vs District Court**_ supra.

i. Declare all documents filed and recorded pertaining to the enforcement of the lien (promissory note) to be "Spurious and "Patently Invalid" under **SECTION 38-35-201** C.R.S. 2012 pursuant to the Statute of Limitation subject to release as Colorado case law has held.

j. Declare that **Ditech** never had a legitimate claim as an interested party or beneficiary of the Deed of Trust because it was never an interested party entitled to foreclose.

k. Plaintiff requests compensatory damages for Intentional Infliction of Emotional Distress of $5,000,000.

l. Plaintiff requests $8,000,000 for punitive damages for **Ditech's** outrageous and reckless conduct knowingly prosecuting Plaintiff's deceased parents, which was also an illegitimate claim of right to foreclose.

**m.** And for such other and further relief the Court deems appropriate.

**n.** A declaration that US BANK N.A. as Trustee of the above Trust has not proven its claim against Debtor, Irene C. Moden because it had to show that the Trustee was advancing the claim of the Trust as a holder in due course.

Respectfully submitted this **19** day of **March 2020**

_____

**IRENE C. MODEN**

## VERIFICATION

CASE TITLE: *IRENE C. MODEN vs Ditech FINANCIAL LLC ("Ditech") et al*

I, IRENE C. MODEN declare the following:

I am the Plaintiff / Debtor in the above-entitled matter.

I have read the foregoing complaint and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on the **19** day of **March 2020** in Aurora, Colorado, Arapahoe County, Colorado.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

_____

**IRENE C. MODEN,** *PRO-SE*

## CERTIFICATE OF SERVICE BY MAIL

Declaration of: **IRENE C. MODEN**

On the **19** day of **March 2020,** I mailed the following documents regarding:

## VERIFIED ADVERSARY COMPLAINT

I served the documents by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid. The envelope was addressed and mailed as follows:

**Douglas B. Kiel - Chapter 13 Trustee**
**7100 E. Belleview Ave., Suite #300**
**Greenwood Village, Colorado 80111**

**SENATE OFFICE OF MICHAEL BENNET**
**ATTN: Jacqueline Armendariz**
**409 No. Tejon St., Suite #107**
**Colorado Springs, Colorado 80913**

## SERVICE BY AGENT FOR SERVICE OF PROCESS

**Ditech Financial Services, et al, - Headquarters,** 1100 Virginia Drive, Suite #100A, Fort Washington, PA 19034
**c/o Agent for Service of Process:**
**CT CORPORATION SYSTEM**
**7700 E. ARAPAHOE RD STE 220,**
**CENTENNIAL, CO 89112-1268, UNITED STATES**

**NewRez LLC, et al, - Headquarters**
1100 Virginia Dr Ste 125, Ft Washington, PA 19034-3276
**c/o Agent for Service of Process**
**CORPORATION SERVICE COMPANY**
**1900 W. LITTLETON BLVD.**
**LITTLETON, CO 80120, UNITED STATES**

VERIFIED ADVERSARY COMPLAINT
24

Attorney for: **US BANK NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR BY INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL, AS INDENTURE TRUSTEE FOR HOME LOAN TRUST, HOME LOAN BACKED NOTES, SERIES 2007HI1**

**Janeway Law Firm
ATTN: NICHOLAS H. SANTARELLI
9800 Meridian Blvd., Suite #400
Englewood, Colorado 80112**

Respectfully submitted this **19** day of **March 2020**

**IRENE MODEN, *PRO-SE***